```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

CRISTOFORO BUSTAMANTE a/k/a     §
JESUS BUSTAMANTE a/k/a          §
ANGEL BUSTAMANTE,               §
                                §
     Plaintiff,                 §
                                §
v.                              §   Civil Action No. H-07-2506
                                §
EL PALENQUE MEXICAN RESTAURANT  §
AND CANTINA, INC.,              §
                                §
     Defendant.                 §
```

## MEMORANDUM OPINION

Following the bench trial, the court enters the following findings of fact and conclusions of law.

1. Plaintiff filed suit in this action under the name of Jesus Bustamante. One week prior to trial, Plaintiff disclosed that his true name is Cristoforo Bustamante and that Jesus Bustamante is his brother. Plaintiff also claims that he worked under the name of Angel Bustamante at Defendant's restaurant, El Palenque #1.

2. Defendant El Palenque Mexican Restaurant and Cantina, Inc., is a Texas corporation that employed Plaintiff in the kitchen of one of its restaurants. Defendant is an enterprise engaged in commerce and is subject to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

3. Plaintiff was first employed by Defendant on February 4, 2006, as a kitchen worker. Plaintiff testified that he was hired by Juan Ramirez ("Ramirez"), the kitchen manager. Plaintiff claims

that he disclosed to Ramirez that he did not have documents that would entitle him to legally work in the United States. According to Plaintiff, Ramirez told him that was not a problem as long as he had some documents. Plaintiff then told Ramirez that his name was Jesus Bustamante.

4.   Plaintiff testified that he worked for two weeks before filling out an employment application on February 22, 2006, and providing his brother's personal information and social security number (Pl. Ex. 1). According to Plaintiff, he worked from 9 a.m. to 3 p.m., Sunday through Friday, and from 5 p.m. to 10 p.m., Sunday through Thursday, a total of 56 hours per week. Plaintiff claimed that from February to May 2006, he worked these hours exclusively under the name of Jesus Bustamante.

5.  Plaintiff testified that in May 2006, Ramirez informed him that "the boss" would no longer allow Plaintiff to work that amount of overtime. Ramirez told Plaintiff that he needed additional papers, presumably meaning another person's identity, to get more work. With assistance from his niece, Plaintiff filled out an application for "Angel Bustamante" using the personal information of his nephew, Angel Bustamante. (Pl. Ex. 2) After that time, Plaintiff began to work a second shift under the name of Angel Bustamante. Angel Bustmante, a resident alien, testified that he did not fill out the application that contained his personal information. He also denied working for Defendant.

6. Plaintiff averred that after May 2006, he worked morning shifts as Jesus Bustamante and afternoon shifts as Angel Bustamante. He clocked in for each shift using a numerical code for his "Jesus" shift and another code for his "Angel" shift. However, Plaintiff was unable to recall who gave him the codes. Plaintiff denied using his fingerprint to clock into the computer. He claimed he received two checks per week for his work.

7. Alfredo Coval Cortez ("Coval") testified that he has been a manager of the El Palenque Restaurant #1 since October 2006. He stated that Plaintiff worked in the kitchen of the restaurant and that he knew Plaintiff as Jesus Bustamante. Coval averred that he did not know Angel Bustamante. He did not consider Plaintiff a good employee and, in April 2007, fired him for smoking after he was warned not to smoke on the job.

8. Coval testified that employees clocked in by using their right index fingerprint. He denied that any employee, including himself, the restaurant's manager, was able to use a numerical code to bypass the fingerprint system.

9. Hector de la Torre ("de la Torre") testified that he was a kitchen supervisor at the El Palenque Restaurant #1 where Plaintiff worked. He knew Plaintiff as Jesus Bustamante, not Angel Bustamante. De la Torre testified that there was another person in the kitchen whom he knew as Angel but he could not recall Angel's last name or when Angel's employment ended. De la Torre described

this person as taller and "more square-ish" than Plaintiff.

    10. De la Torre testified that the Defendant paid overtime to those employees who worked overtime. He stated that Plaintiff usually worked the morning shift and occasionally worked an afternoon shift.

    11. Juan Ramirez averred that he is the kitchen manager at the El Palenque restaurant where Plaintiff worked. Ramirez testified that he knew Plaintiff as Jesus Bustamante and that Angel Bustamante was another individual who also worked in the kitchen. Ramirez described Angel Bustamante as taller, fatter and younger than Plaintiff. Ramirez denied telling Plaintiff that he needed to get another set of documents to work a second shift. Ramirez testified that he set up the work schedules for the kitchen employees. He agreed with de la Torre that Plaintiff worked two to three afternoon shifts per week but could not confirm that Plaintiff and Angel Bustamante ever worked during the same shift, but he "thought so." Ramirez also denied handing Plaintiff two payroll checks for his two identities each week, testifying that he only gave one check to Plaintiff in the name of Jesus Bustamante.

    12. Esperanza Hernandez is the office manager for the El Palenque restaurants. She testified that all employees must clock in using the right index fingerprint. To her knowledge, there was no way to access the computer with a numerical code in the place of a fingerprint.

13. Hugo Serna ("Serna") is an owner of the El Palenque restaurant group. He testified that there is no company policy against overtime. An employee clocks in for work by touching his or her right index fingerprint onto a computer touchpad. According to Serna, it was not possible for the right index finger of an employee to be associated with more than one name. He discounted the possibility that an employee could use a different finger for a different name because the fingerprint login was set up by a manager.

14. The payroll records reflected that a person using the name Jesus Bustamante began working for Defendant on February 22, 2006, and worked both the morning and afternoon shifts for three days, for a total of thirty-three hours. The following week, Plaintiff worked three days per week, for a total of thirty-nine hours. By the end of March 2006, Jesus Bustamante was working the morning shift on most days with an occasional afternoon shift. The payroll records for the last three weeks of March 2006 showed that Jesus Bustamante was paid for one to two hours overtime for each of those weeks.

15. The payroll records show that Jesus Bustamante worked approximately ten overtime hours in April 2006 and three hours overtime during the first week of May 2006. The records do not corroborate Plaintiff's testimony that he was working fifty-six hours per week prior to May 7, 2006.

16.   An employee named Angel Bustamante first appeared on the payroll records on May 7, 2006.  He recorded thirty-three hours working the afternoon shift that week.  During that same time period, Jesus Bustamante worked the same days as Angel Bustamante but worked the morning shift, for a total of thirty-seven hours.

17.   This pattern continued through the remainder of the year. Jesus Bustamante worked the morning shift and Angel Bustamante worked the afternoon shift on most, but not all, of the same days, with a few exceptions.  For example, on June 30, 2006, the records reflected that Jesus Bustamante worked as a cook from 9:15 a.m. to 3:34 p.m. and from 3:34 p.m. to 10:30 p.m. as a server, while Angel Bustamante worked from 5:01 p.m. to 11:15 p.m. as a cook.  Neither employee worked enough hours in a week to require overtime for the remainder of the year 2006.

18.   For the week of December 30, 2006, to January 5, 2007, Angel Bustamante worked five and one-half hours and Jesus Bustamante worked four hours.  Plaintiff offered no explanation why this occurred if the purpose of the dual-identities was to avoid overtime pay.

19.   The payroll records reflected that Jesus Bustamante last worked on April 8, 2007, from 9:21 a.m. to 1:14 p.m.  Angel Bustamante did not work on April 8th or any day thereafter.

20.   The payroll records showed that waitstaff, busboys and kitchen staff occasionally worked several hours in excess of forty

hours per week and were paid at a rate of time and a half for those hours.

  21. The FLSA generally requires employers to pay their employees at least one and one-half times their regular wage rate for hours worked in excess of forty hours per week.  See 29 U.S.C. § 207(a).

  22. An employee alleging a violation of the overtime requirement bears the burden of proving the following, by a preponderance of the evidence: (1) that there exists an employer-employee relationship; (2) that there was engagement in activities within the coverage of the FLSA; (3) that the employee worked over forty hours within a workweek without overtime compensation; and (4) a definite amount of compensation is due.  Reyes v. Texas EZPawn, L.P., No. V-03-128, 2007 WL 314315, at *1 (S.D. Tex. Oct. 24, 2007)(citing Cash v. Conn Appliances, Inc., 2 F.Supp.2d 884, 892 (E.D. Tex. 1997)).

  24. By its own terms, the FLSA applies to all "employees," defined as "any individual employed by an employer."  29 U.S.C. 203(e).  The Fifth Circuit has held that "it is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant."  In re Reyes, 814 F.2d 168, 170 (5th Cir. 1987); see also Patel v. Quality Inn South, 846 F.2d 700, 702 (11th Cir. 1988)(worker entitled to the full range of remedies under

FLSA without regard to immigration status because he was not attempting to recover back pay but for work already performed).

25. Defendant concedes an employer-employee relationship with Plaintiff as well as the fact that Plaintiff's work was within the coverage of the FLSA. Defendant argues that the Angel Bustamante, who worked an afternoon shift at the El Palenque #1, was not same person as Plaintiff and therefore it does not owe Plaintiff overtime pay for that combined portion of Jesus Bustamante's and Angel Bustamante's hours in excess of forty hours per week.

26. This case boils down to credibility. Plaintiff claims that, with the full knowledge of Defendant's kitchen manager, Ramirez, he worked under two different identities, first, in order to obtain work in the United States and, second, to circumvent the law's overtime pay requirement. His testimony is supported, partially, by payroll records that corroborate his testimony about when he commenced his documented employment with Defendant as Jesus Bustamante and when Angel Bustamante appeared on the payroll. The records also support Plaintiff's claim that he was accruing overtime hours, but not in the amount claimed by Plaintiff.

27. The payroll records could support an inference that Jesus Bustamante and Angel Bustamante were the same person, one identity working the morning shift, the other working the afternoon shift with two exceptions. Plaintiff failed to explain how Jesus and Angel worked at the same time on June 30, 2006, and why it was

necessary for him to work under two identities for the week of December 30, 2006, through January 5, 2007, when the combined hours worked were nine and one-half hours for the entire week.

28.   Plaintiff also failed to truthfully answer interrogatories about his identity, his relationship with other family members, and where he lived since his arrival in the United States nine years ago.  He contradicted himself several times on the witness stand and denied testifying inconsistently.  He claimed not to have contact information for persons who had relevant information about the present dispute, including his cousin or uncle, Israel Bustamante.  While testifying, Plaintiff often claimed he either did not understand a question or could not read a document placed before him, either because he could not read or because he needed glasses.  His answers were typically evasive or non-responsive on cross-examination or in answer to questions by the court that did not require an ability to read.  In short, Plaintiff simply failed to answer any hard questions put to him at trial by claiming he did not understand them.

29.   If Plaintiff is to be believed, despite the inconsistencies, then the court must fail to credit the testimony of Defendant's witnesses who testified that all Defendant's employees clocked onto their shifts using a fingerprint, a fact directly, and inexplicably, denied by Plaintiff.  Also, if Plaintiff is to be believed, the court must conclude that several

defense witnesses have conspired to commit perjury by averring that Angel Bustamante was a different person than Plaintiff.

30.   On the other hand, none of Defendant's witnesses could account for the time records that showed that Angel Bustamante failed to show up for work after Jesus Bustamante was fired. Also, de la Torre's and Ramirez's testimony that Jesus worked several afternoon shifts per week was not supported by the time records unless Jesus and Angel were the same person.

31.   The court does not fully credit the testimony of Defendant's witnesses who all denied knowing that Plaintiff was using two sets of false documents. It is undisputed that Defendant accepted a set of documents in the name of Jesus Bustamante, including a picture identification, that did not resemble Plaintiff in any respect. It is less clear who worked under the name of Angel Bustamante. While Defendant's witnesses all testified that Angel Bustamante was a different person from Plaintiff, it is not disputed that the identification used on the Angel Bustamante employment application belonged to Plaintiff's nephew, making it less likely that the Angel Bustmante who worked in the kitchen was a stranger to Plaintiff. Plaintiff's nephew testified that he did not work for Defendant, and Defendant's witnesses testified that person they knew as Angel was taller and stockier in build than Plaintiff, a description that was not consistent with either the picture identification of Angel Bustamante found in Defendant's

employment records or Plaintiff's nephew's actual appearance.

32. After reflecting on all the testimony, the court comes down to this: Plaintiff bears the burden of proof on his claim for overtime wages. Given all Plaintiff's lies, half-truths, and failures to explain, he has failed to show, by a preponderance of the evidence, that he worked under the name of Jesus Bustamante and Angel Bustamante and is entitled to prevail on this suit.

33. The FLSA only permits an award of attorney's fees to a prevailing plaintiff. See 29 U.S.C. 216(b); San Antonio Metro. Transit Auth. v. McLaughlin, 876 F.2d 441, 446 (5th Cir 1989)(citing Kreager v. Solomon and Flanagan, P.A., 775 F.2d 1441, 1442-43 (11th Cir. 1985)). Defendant has failed to cite any authority that would overcome the application of the American Rule that litigants bear their own attorney's fees in the absence of a statute or enforceable contract shifting fees to the prevailing party.

In light of the foregoing, it is the judgment of the court that Plaintiff take nothing. Defendant's request for attorney's fees is **DENIED**.

**SIGNED** this 3rd day of February, 2009.

Nancy K. Johnson
United States Magistrate Judge